IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


ALAN GOLDBERG,

    Plaintiff,

vs.                                    Case No. 4:08cv253-RH/WCS

DR. ONG,
DR. VELASCO, et al.,

    Defendants.

                               /


## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, has filed a fifth amended civil rights complaint under 42 U.S.C. § 1983. Doc. 15. This version of the complaint has been reviewed pursuant to 28 U.S.C. § 1915A and is still insufficient to state a claim against several of the named Defendants. Plaintiff had previously been advised that submission of a fifth amended complaint would be his **final** opportunity to submit a viable complaint. As Plaintiff still presents deficient allegations and claims, this action should be dismissed prior to service.

Plaintiff' has listed four individuals as Defendants along with the Florida Department of Corrections. Doc. 15. The State of Florida and its agencies are immune

from suit in this court by force of the Eleventh Amendment. Carr v. City of Florence, Alabama, 916 F.2d 1521, 1524 (11th Cir. 1990). Moreover, suit against States and state officials is not possible pursuant to 42 U.S.C. § 1983 because the state, state agencies, and state officials acting in official capacity are not "persons" as intended by § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 109 S. Ct. 2304, 2308-2311, 105 L.Ed.2d 45 (1989); Carr, supra, 916 F.2d at 1524, n.3 (citing Will). The Department of Corrections should be dismissed as a Defendant from this action.

      Deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment's prohibition of cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). The concept of deliberate indifference must be more than negligence, but is satisfied by something less than actions undertaken with an intent to cause harm. Farmer v. Brennan, 511 U.S. 1216, 114 S. Ct. 1970, 1978, 128 L. Ed. 2d 811 (1994). Subjective recklessness, as defined in criminal law, is the standard which must be shown for an official's actions to rise to the level of deliberate indifference. *Id.* Combining the standards from Farmer and Estelle, the Eleventh Circuit has clarified that, "[u]ltimately, there are thus four requirements: an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts." Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000), *cert. denied*, 531 U.S. 1077 (2001). The Eleventh Circuit has recognized that "[g]rossly incompetent or inadequate care can constitute deliberate indifference . . . as can a doctor's decision to take an easier and less efficacious course of treatment." Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989), *citing* Rogers v. Evans, 792

F.2d 1052, 1058 (11th Cir. 1986); McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999).

Medical malpractice does not constitute deliberate indifference. Estelle, 429 U.S. at 106, 97 S. Ct. at 292. "Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991), *citing* Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989). In Estelle, the prisoner received treatment for his back injury (bed rest, muscle relaxants and pain relievers), but complained that more should have been done in the way of diagnosis, such as an X-ray or other tests. The Court rejected this as a basis for liability:

> But the question whether an X-ray--or additional diagnostic techniques or forms of treatment--is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.

429 U.S. at 107, 97 S. Ct. at 293.

Furthermore, it must be recognized that Eighth Amendment claims are judged in light of "the evolving standards of decency that mark the progress of a maturing society," Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed. 2d 156 (1992), and consider whether a prisoner has been subjected to the "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 103-104, 97 S. Ct. at 290-291. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Hudson, 503 U.S. at 9, 112 S. Ct. at 1000, *citing*

Estelle, 429 U.S. at 103-104, 97 S. Ct. at 290-291; Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1186 (11th Cir. 1994).

Plaintiff's claim against Defendant Ong is that medical care was provided to Plaintiff on November 9, 2006. "On that day, Defendant Ong performed emergency surgery on" Plaintiff's hand, which was injured on or about October 16, 2006. Doc. 15, p. 5. Defendant Ong then gave instructions for care and prescribed medications. *Id.* Plaintiff alleges being transferred away from the NFRMC in Lake Butler, and sent to Jefferson Correctional Institution on January 3, 2007. *Id.* Plaintiff then contends that he was returned to NFRMC on January 23, 2007, to have the surgical pins removed and see Defendant Ong. Plaintiff alleges the removal had "limited success due to the lack of physical therapy and medications at Jefferson" Correctional Institution. *Id.*, at 5.

Plaintiff alleges Defendant Ong did not insure adequate appropriate medical care, but this Defendant was not at Jefferson Correctional Institution and there are no allegations showing that this Defendant failed to provide medical care to Plaintiff. Defendant Ong performed the surgery on Plaintiff, issued instructions, and prescribed medications. Defendant Ong is not responsible for care at Jefferson Correctional Institution as he is located at NFRMC. Defendant Ong is also not responsible for the actions of other persons who may, or may not, have followed Defendant Ong's instructions. As the complaint fails to state a claim upon which relief may be granted as to Defendant Ong, he must be dismissed from this action.

Plaintiff names Doctor Cline as another Defendant in this case. Doc. 15, p. 2. The only allegations against this Defendant are that he "discontinued or withdrew written prescriptions . . . for pain management and recovery at the wrong times." *Id.*, at

8. Plaintiff contends that while he was at NFRMC, Defendant Cline "failed to insure all required or implimented [sic] care met normal levels similar to equal or normal care on the street." *Id.* Without any factual allegations showing any harm to Plaintiff or that withdrawal of a prescription was not proper or timely, especially in light of the fact that no dates are provided showing when anything happened, this claim is insufficient. Plaintiff has not alleged any specific facts showing that he was in pain, that Defendant Cline knew of Plaintiff's pain and refused to provide pain medication. Plaintiff has not provided facts that demonstrate Defendant Cline violated his rights. Rather, Plaintiff simply indicates a disagreement with the medical care rendered by Doctor Cline, and that is insufficient to state a claim.

The same is true of Plaintiff's allegations against Defendant Velasco, the chief health officer at Jefferson Correctional Institution. Plaintiff makes broad conclusory allegations that Defendant Velasco "failed to ensure proper care, therapy, pain management or actualized and necessitated medical care due to operational negligence." *Id.*, at 7. Plaintiff alleged that he "failed to ensure regimented after-care or immediacy of any post-operative care. . . . " *Id.* These broad and conclusory allegations do not show with any specificity that Plaintiff was not given appropriate medical treatment. It is unknown what was prescribed for Plaintiff, what was not provided to him and when, and a causal connection to any harm from that. It is unknown what post-operative care was not provided by Defendant Velasco, especially considering that Plaintiff was at NFRMC for seven weeks (November 9, 2006, through January 3, 2007). Defendant Velasco was at Jefferson Correctional Institution during that time, and Plaintiff was not being treated by persons at Jefferson C.I. during those seven weeks.

Plaintiff fails to provide any specific dates showing what was, or was not provided to Plaintiff by Defendant Pitts.  Plaintiff contends that "medical care providers and contractors failed to obey minimal standards of quality care . . . by not obeying strictly ordered care, after-care, physical therapy, or to provide directed or authorized treatments or medical care . . . ."  Doc. 15, p. 8.  Such broad claims do not show that Defendant Pitts failed to take required actions.  Indeed, there are no factual allegations at all showing what Defendant Pitts either did, or did not do.  Plaintiff claims "staff failed" to provide properly and timely medications, but Plaintiff does not allege what prescription was ordered, when it should have been given, when it was not given, or any other facts that would support this claim.

This complaint is insufficient and no further opportunities should be extended for amendments.  Plaintiff was previously directed to indicate specifically how the named Defendants were involved in his care, and to be "clear in stating what happened, who was involved, when the event took place, and where."  Doc. 14.  Plaintiff was told that his allegations were "too cursory to provide an accurate picture of what happened, and which Defendant was providing treatment to him."  *Id.*  Those problems have not been remedied and Plaintiff's complaint shows at best, negligence, which is insufficient to state a claim, and at the least, a simple difference in opinion as to the care provided.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's fifth amended complaint, doc. 15, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting

this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on March 13, 2009.

```
                            s/    William C. Sherrill, Jr.
                          WILLIAM C. SHERRILL, JR.
                          UNITED STATES MAGISTRATE JUDGE
```

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**